## McNIECE et al. v. SAPAN.

(Supreme Court, Appellate Term.  November 24, 1908.)

COURTS (§ 190*)—MUNICIPAL COURTS—DECISIONS REVIEWABLE—JUDGMENT BY DEFAULT.

A defendant who declines to interpose a defense in the Municipal Court after an outburst from the bench indicating judicial indignation caused by an allegation in the answer cannot appeal from a default judgment subsequently rendered against him after trial in the regular manner.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Joseph M. McNiece and another against Jacob Sapan. From a judgment for plaintiffs, defendant appeals.  Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Horace London, for appellant.

H. & J. J. Lesser, for respondents.

MacLEAN, J.  From the judgment in this action for goods sold and delivered amounting to $366.36, whereof the defendant in his answer admitted to be due $104.69 of which he alleged tender and bringing into court, this appeal professedly comes because the court refused to permit the defendant to interpose his defense.  This is not borne out by the record, which, immediately after noting the appearances, recites:

"Defendant's Counsel: I will ask that the record be kept straight, so that it will appear that the court refused to permit me to go on with my defense."

Thereupon follows a spirited allocution from the bench indicating judicial indignation that the answer, signed by the attorney and verified by the defendant, declares that the sum admittedly due has been tendered and is brought into court, though the fact is not so, as the attorney knows.  It may be truly that, however commendable in a person of exalted sentiment its rising, righteous indignation is a personal emotion, not to be gratified coincidently with the administration of the law and forensic practice.  Seemingly here its outburst worked no harm. After it had evanesced, the trial proceeded in fashion ordinary enough. One of the plaintiffs was called as a witness, and testified to facts sustaining the complaint.  The defendant's lawyer did not cross-examine the witness, nor did he offer anything nor any one to contradict his evidence, although he again expressed anxiety that the record show that

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

he was precluded from putting in his defense. Of course, judgment was rendered for the plaintiffs, and from that judgment on default lies no appeal.

Judgment affirmed, with costs.

GILDERSLEEVE, P. J., concurs.  SEABURY, J., concurs in result.